IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DORA L. VILLEGAS as the Administrator of the Estate of Cesar Villegas, and DORA L. VILLEGAS, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> ALEWELT, INC., PORK-N-MORE INC., and JOE NELSON and SANDY NELSON, <br><br> Defendants. | NO. 4:03-cv-30433 <br><br> RULING ON PLAINTIFF'S FED. R. CIV. P. 54(b) MOTION TO ENTER FINAL JUDGMENT IN FAVOR OF DEFENDANTS PORK-N-MORE, INC. AND JOE AND SANDY NELSON |

The above motion [57] of plaintiff is before the Court. The Court has conferred with counsel for all of the parties, and the motion is unresisted.

This is a wrongful death action under the Court's diversity jurisdiction. The pleadings have put in issue the fault of plaintiff's decedent and all of the defendants. The action is thus governed by Iowa's comparative fault statute, Iowa Code Ch. 668.

The decedent, Mr. Villegas, died in a construction accident on the Nelson farm. He was employed by defendant Alewelt which, because of its failure to provide workers' compensation insurance coverage for its employees, is subject to suit. Defendant Pork-N-More (PNM) was the general contractor; defendants Joe and Sandy Nelson were the property owners.

On May 4, 2005 the Court granted the motions for summary judgment of the Nelsons and PNM. Trial, formerly set for May 16, 2005, has since been continued. The Court concluded as a matter of law that PNM and the Nelson defendants did not owe a duty of care to Mr. Villegas either as possessors of land under Restatement (Second) of Torts § 422 ("Restatement")(a rule of vicarious liability) or for having retained control under Restatement § 414. By the present motion plaintiff seeks leave to appeal the summary judgment ruling prior to trial of the claims against Alewelt. Because the duty, if any, of PNM and the Nelsons is the central legal issue in the case resolution of which by appeal now will promote an efficient, less expensive and, possibly, non-trial resolution of all of the claims in this action, I have decided to grant the motion.

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> . . . when multiple parties are involved [in an action], the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Rule 54(b) certifications "should not be granted routinely or as an accommodation to counsel." Bullock v. Baptist Memorial Hosp., 817 F.2d 58, 59 (8th Cir. 1987). "[I]t is only the 'special case' that warrants an immediate appeal from a partial resolution of the

lawsuit." Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993)(quoting Hardie v. Cotter & Co., 819 F.2d 181, 182 (8th Cir. 1987)). There should be some showing of hardship or injustice to support a certification. Burlington Northern RR Co. v. Bair, 754 F.2d 799, 800 (8th Cir. 1985).

Practical and legal considerations which inhere in Iowa's comparative fault scheme make a Rule 54(b) certification appropriate here. If the present motion is not granted, plaintiff would be required to first try her claims against Alewelt ("the first trial") in order to appeal the dismissals of PNM and the Nelson defendants. It is possible that the jury's determination of the issues involving Alewelt would moot or remove the incentive to appeal the summary judgment in favor of the other defendants, but from the Court's understanding of the evidence, that is not likely. It is probable that a verdict in some amount would be returned against Alewelt. In a wrongful death action that amount, while perhaps not large, is unlikely to be inconsequential. The jury would compare the fault, if any, of only Mr. Villegas and Alewelt. It could not compare the fault of PNM and Nelson in the first trial because they are no longer parties and at this point have been held to have had no legal duty to plaintiff. See Iowa Code § 668.2. The case could then be appealed and plaintiff would have every incentive to do so.

Since the issue on appeal with respect to both dismissed defendants is an up or down one of duty or no-duty (or a triable fact issue concerning duty), the result of the appeal would be either an affirmance, or a reversal and remand for trial of the claims against PNM and/or the Nelsons. Unless in the same appeal judgment against Alewelt in the first trial was reversed for new trial (an unlikely result in light of the straightforward nature of Alewelt's exposure), it is not difficult to contemplate that if the summary judgment ruling was reversed in whole or part a second trial involving the claims against PNM and/or the Nelson defendants would involve a number of issue preclusion questions emanating from the first trial, issues which could well be the focus of a second appeal. This Court would undoubtedly be faced with complaints of prejudice depending upon who sought to take advantage of or avoid the jury's findings in the first trial. With the fault of plaintiff's decedent, PNM and/or the Nelsons, and Alewelt[1] in play in the second trial, it is very possible that the results of the two trials could be inconsistent. This is so even if the liability of PNM and/or the Nelsons is vicarious under § 422. It is almost inevitable that in the second trial some party will want to re-try the fault of the empty chair, Alewelt.

---

[1] Alewelt would be absent from the second trial but would probably still be a "party" for comparative fault purposes. Iowa Code § 668.2.

On the other hand, if the summary judgment ruling was affirmed on appeal after the first trial, the action would probably be concluded at that point. However, Alewelt will have expended resources in the first trial which could have been available for resolution without trial had an immediate appeal been allowed.

Trying to predict the future course of this action if Rule 54(b) certification is denied is difficult and convoluted, but the effort does demonstrate that the claims against the defendants are so interconnected that permitting plaintiff to immediately appeal the summary judgment that PNM and the Nelsons owed no duty of care to plaintiff's decedent will promote the inexpensive, efficient disposition of this action and potentially avoid unnecessary issues which would complicate and delay ultimate resolution of the case. All of the parties whose "fault" is in issue ought to be at the table when and if this action is tried. See Iowa Code § 668.1. It follows that immediate appeal here both promotes judicial administrative interests and is best calculated to lead to an equitable resolution of the action without hardship or injustice.

Accordingly, the Clerk is directed to enter final judgment in favor of defendants Pork-N-More, Inc. and Joe and Sandy Nelson dismissing the claims against said defendants. The Court expressly determines pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay. This order is intended as a

"certification" under Fed. R. Civ. P. 54(b) to permit plaintiff to immediately appeal the dismissal of the claims against said defendants. The judgment so entered shall supercede and substitute for the judgment entered in favor of the Nelson defendants on May 6, 2005.

IT IS SO ORDERED.

Dated this 13th day of May, 2005.

_____
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE